**In re UITERWYK CORPORATION, Debtor.**

**Bankruptcy No. 83–0166–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 5, 1990.

Don Stichter, Stichter & Riedel, Tampa, Fla., for debtor.

Robert A. Soriano, Carlton, Fields & Kent, Tampa, Fla., for Manufacturers Hanover Trust Co.

Zala L. Forizs, St. Petersburg, Fla., for Creditors Committee.

Raul Betancourt, Philadelphia, Pa., for Palmer Biezup & Henderson.

## ORDER ON JOINT MOTION AND STIP-ULATION FOR ORDER ALLOWING CHARGING LIEN CLAIM

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon a Joint Motion and Stipulation for Order Allowing Charging Lien Claim filed by Uiterwyk Corporation (Debtor) and Manufacturers Hanover Trust Company (MHT) in the above-captioned Chapter 11 case. The Court has considered the Motion and Stipulation, together with the record, and has heard argument of counsel and finds the following facts relevant to the disposition of this matter:

Prior to the commencement of this bankruptcy case, the law firm of Palmer Biezup and Henderson was purportedly owed the sum of $129,020.58 on account of prepetition legal services rendered to the Debtor in connection with prosecution of the Debtor's claim against the Government of Iran in the Iran–United States Claims Tribunal (Tribunal). Following the commencement of this Chapter 11 case, it appears that Palmer Biezup and Henderson declined to perform additional legal services in connection with the prosecution of the claim against the Iranian government unless its prepetition bills were paid. In an effort to bring about the successful recovery of assets for the benefit of the bank and the estate, MHT, Grindlay Brandts, and NCNB National Bank of Florida agreed to pay Palmer Biezup and Henderson's charges. In exchange for payment of the law firm's bills, Palmer Biezup and Henderson assigned its entire claim for prepetition legal services to MHT, as agent for itself, Grindlay Brandts Limited, and NCNB National Bank of Florida.

On June 8, 1983, this Court entered an Order granting an Application to Approve Assignment of the claim to MHT. At that time, MHT also sought an order confirming the validity of Palmer Biezup and Henderson's charging lien. However, this Court determined that the question of the validity vel non of the attorney's charging lien was premature and, therefore, declined to answer the validity question as there was no res to which the charging lien claimed by Palmer Biezup and Henderson could have attached at that time.

On October 25, 1984, the official Creditors' Committee commenced an adversary proceeding against MHT in which the Committee challenged the validity, priority and extent of the bank's alleged lien upon the anticipated award to be received by the Debtor in the Tribunal. During the pendency of the adversary proceeding, the Court entered an Order confirming the Debtor's Plan of Reorganization. The finality of the confirmation order was conditioned upon a subsequent order to be entered by the Court approving a settlement of the adversary proceeding. A Stipulation was then entered into which appeared to resolve the respective rights of unsecured creditors and the banks, including MHT, with respect to the award to be received by the Debtor in the Tribunal. This Court subsequently entered an Order Approving Stipulation between Debtor, Creditors' Committee and Bank Creditors dated April 1, 1985. Accordingly, an Order of Dismissal of the adversary proceeding has been entered with prejudice. Neither the Stipulation, the Order Approving the Stipulation nor the Plan made any provision for the treatment of a charging lien claimed upon the Tribunal award by Palmer Biezup and Henderson.

On April 28, 1989, this Court entered an Order authorizing disbursement of proceeds from the Tribunal award. Disbursements have been made to creditors, including the banks on account of their secured claims and unsecured claims as contemplated by the Stipulation, Order Approving Stipulation, Order Confirming Plan and this Court's Order Authorizing Disbursements dated April 28, 1989.

On July 14, 1989, the Debtor and MHT filed a Joint Motion and Stipulation for Order Allowing Charging Lien Claim. The Creditors' Committee argues that MHT has waived its secured claim or, alternatively, that MHT is now estopped from asserting its charging lien against the award in the Iran–United States Claims Tribunal. Notwithstanding that the Committee's reliance upon waiver and estoppel is misplaced, this Court is satisfied that MHT's alleged secured claim based on the charging lien cannot be recognized for the following reasons:

The only proof of claim which was ever filed in this case was an unsecured claim filed by Palmer Biezup and Henderson. Each of the assignments received by MHT did specifically make reference to the assignment of an unsecured claim. MHT gave no notice of its intent to establish the validity of its alleged secured status prior to signing the Stipulation which settled an adversary proceeding against it. The Stipulation called for a division of the proceeds of the Tribunal award in accordance with a specific formula. If the secured claim based on the charging lien is recognized, this would alter, modify, and adversely affect the class of unsecured creditors firmly established by the stipulation of all parties of interest, including MHT. In addition, MHT failed to give any notice of an intent to establish its secured status prior to the entry of the Order approving the Stipulation, the Order confirming the Plan, or the Order authorizing distribution to creditors in accordance with the Plan entered on April 28, 1989. Neither MHT nor Palmer Biezup and Henderson has ever filed a proof of claim asserting any purported secured status. In addition, the charging lien claim was not scheduled by the Debtor as a secured claim. The only proof of claim ever filed was an unsecured proof of claim filed by Palmer Biezup and Henderson. Thus, MHT gave no notice of its intent to force a charging lien prior to the expiration of the bar date for the filing of proofs of claim.

MHT benefited from the confirmed Plan which made no provision for the claim which is now being asserted by receiving distributions both as a secured creditor and as an unsecured creditor as contemplated by the Plan and the Stipulation. It should not now be allowed to assert a claim which is in degradation of the rights of the unsecured creditors as established by the confirmed Plan and the Stipulation. Section 1141 of the Bankruptcy Code freezes the rights of the respective parties upon confirmation of the plan. The rights of MHT were firmly established by the Plan and no additional claim can be asserted at this late date. The position now being considered by MHT would effectively alter the distribution scheme contemplated by the Stipulation and Confirmation Order to the detriment of the unsecured creditors. Therefore, pursuant to § 1141 of the Bankruptcy Code, MHT will not be allowed to assert an additional secured claim which would alter and disturb the very formula of distribution to which it has previously agreed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the creditors committee's objection to the Joint Motion and Stipulation for Order Allowing Charging Lien be, and the same is hereby, sustained. It is further

ORDERED, ADJUDGED AND DECREED that the Joint Motion and Stipulation for Order Allowing Charging Lien Claimed filed by the Debtor and Manufacturer's Hanover Trust Company, as agent, be, and the same is hereby, denied.

DONE AND ORDERED.